1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

9   JOSE HERNANDEZ, individually and )    1:06-cv-1383 OWW DLB
    on behalf of all others          )
10  similarly situated,,             )    FIRST SCHEDULING CONFERENCE
                                     )    ORDER
11                  Plaintiff,       )
                                     )    Class Certification
12        v.                         )    Discovery Cut-Off: 8/13/07
                                     )
13  LEO BALAKIAN, ANTHONY BALAKIAN   )    Plaintiff Must File Its
    AND VINCE BALAKIAN,              )    Motion for Class
14                                   )    Certification By: 8/13/07
                    Defendants.      )
15                                   )    Hearing on Motion for Class
    _____)    Certification: 9/24/07
16                                        11:00 Ctrm. 3

17

18  I.   Date of Scheduling Conference.

19        April 13, 2007.

20  II.  Appearances Of Counsel.

21        Johnson & Bell, Ltd., by Howard W. Foster, Esq., and Wagner

22  & Jones by Daniel Kopfman, Esq., appeared on behalf of Plaintiff.

23        McGuiness, Norris & Williams, LLP, by Monte B. Lake, Esq.,

24  and Kahn, Soares & Conway, LLP by Jan L. Kahn, Esq., appeared on

25  behalf of Defendants.

26  III.  Summary of Pleadings.

27        A.   Defendants' Summary

28             1.   Defendants Leo, Anthony and Vince Balakian

                            1

1  vehemently deny Plaintiff's RICO claim and the factual

2  allegations upon which the claim is purportedly based.  The

3  Balakians and Fruit Patch, Inc., did not engage in an "illegal

4  immigrant hiring scheme."  To the contrary, it is the policy and

5  practice of Fruit Patch, Inc., to comply fully with all

6  applicable federal and state laws with respect to hiring and

7  employment, including all provisions of the Immigration and

8  Nationality Act ("INA").  As part of its INA compliance, Fruit

9  Patch, Inc., ensures that all of its hourly employees timely

10  complete I-9 forms.  Further, it is the practice of Fruit Patch,

11  Inc., to examine the information set forth in the I-9 forms as

12  well as the eligibility documents presented by employees in

13  connection with their hiring.  Fruit Patch, Inc., does not

14  knowingly hire illegal immigrants nor does it hire individuals

15  who cannot properly document their eligibility status.  Fruit

16  Patch, Inc., is an equal opportunity employer and does not

17  discriminate on the basis of national origin or citizenship

18  status.

19          2.    Contrary to the allegations in the Complaint,

20  Fruit Patch, Inc., paid its workers hourly wages that complied

21  with all applicable laws.  Fruit Patch, Inc., and the Balakians

22  did not purposefully hire illegal aliens so as to pay a lower

23  wage.  Further, Fruit Patch, Inc., and the Balakians do not

24  "direct their hiring personnel to obtain housing" for illegal

25  immigrants.  Finally, the Balakians did not engage in any

26  conspiracy.

27  IV.  Orders Re Amendments To Pleadings.

28          1.    Plaintiff filed an Amended Complaint on April 2, 2007.

2

1  Defendants will file a response to that Amended Complaint in
2  compliance with the Federal Rules of Civil Procedure.

3  V.    Factual Summary.

4      A.    Admitted Facts Which Are Deemed Proven Without Further
5  Proceedings.

6          1.    Jose Hernandez was an individual resident of the
7  Eastern District of California at the times alleged in this
8  Complaint and was employed by Defendants' business known as Fruit
9  Patch, Inc.

10          2.    Defendants Leo, Anthony, and Vince Balakian are
11  owners of the corporation Fruit Patch, Inc.

12          3.    Fruit Patch, Inc., is a California corporation in
13  good standing under the laws of the State of California at all
14  times alleged.

15          4.    The employer is covered by the wage and hour laws
16  of the United States.

17      B.    Contested Facts.

18          1.    Defendants deny the remaining "factual"
19  allegations of the Complaint, including without limitation, the
20  allegations:

21              a.    That Defendants engaged in an "illegal
22  Immigrant Hiring Scheme;"

23              b.    That Defendants applied hiring criteria that
24  subverted the laws against hiring illegal immigrants;

25              c.    That Defendants "effectively turned a blind
26  eye to factors which any reasonable employer would know indicate
27  job applicants are unauthorized for employment in the U.S.;"

28              d.    That the illegal Immigrant Hiring Scheme

3

saves Fruit Patch, Inc., "millions of dollars in labor costs" and that if Defendants were not hiring large numbers of illegal immigrants, "their business would have to pay" higher wages;

        e.    That Defendants directed their hiring personnel to obtain housing for illegal immigrants; and

        f.    That Defendants have underpaid their workers and/or Defendants have hired illegal immigrants for the purpose of depressing wages to its hourly workers.

VI.  Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction exists under 28 U.S.C. § 1331 and 18 U.S.C. § 1961 et seq.

        2.    Venue is proper under 28 U.S.C. § 1391.

    B.    Contested.

        1.    Whether Plaintiff has properly pled a valid RICO cause of action.

        2.    Whether the facts and circumstances alleged in the Amended Complaint give rise to a valid RICO claim.

        3.    Whether Plaintiff has standing to bring this action.

        4.    Whether this case is appropriately brought as a class action under Federal Rules of Civil Procedure 23.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent

corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Scheduling of Case.

1.   The parties shall have through and including August 13, 2007, to complete discovery on class issues and for Plaintiff to file its motion for class certification.  The hearing on the motion is set for September 24, 2007, at 11:00 a.m. in Courtroom 3, Seventh Floor.  The Court has reserved time for extended oral argument.

2.   Plaintiff has undertaken to make its initial disclosures on or before April 20, 2007.  Defendants shall make their initial disclosures on or before May 11, 2007.

3.   The parties agree that resolution of the class certification issues will so materially impact on the nature and scope of the lawsuit, that it is prudent to defer the promulgation of the final schedule for the case management of this action to a time following the decision on the motion for class certification.

4.   Once the class certification motion has been decided, the Court will schedule a further scheduling conference and the parties shall submit a proposed schedule for the balance of the case.

5.   Plaintiff has demanded a jury trial.  Defendants have not demanded a jury trial.  At this time, the Defendants estimate the trial will take 5 days.  Plaintiffs are unable to estimate

the time of trial pending outcome of the class certification motion.   The parties agree that any cut-off for amendments to add parties and/or claims, shall be deferred pending resolution of the class certification issues.

    6.   There are no related cases.


IT IS SO ORDERED.

Dated:   **April 13, 2007**              **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

6