# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

LEO BALAKIAN, et.al.,

Defendants.

1:06cv1383 OWW DLB

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART

(Document 60)

Plaintiff Jose Hernandez ("plainitff"), individually and on behalf of all others similarly situated filed the instant discovery motion on July 2, 2007. The matter was heard on July 27, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Howard Foster appeared on behalf of Plaintiff. Christine Cooper, Jan Kahn, Wendall Hall, and Monte Lake appeared on behalf of defendants and non-party Fruit Patch, Inc. ("Fruit Patch").

## BACKGROUND

This is a RICO class action brought against defendants Leo Balakian, Anthony Balakian and Vince Balakian, owners of Fruit Patch. The Complaint alleges that "Leo Balakian and his sons, Anthony and Vince Balakian . . . have conspired to operate Fruit Patch, Inc. and other agricultural growing businesses they own or operate (hereinafter 'the other entities') through a pattern of racketeering activity, the Illegal Immigrant Hiring Scheme." The Complaint is brought

on behalf of all legal hourly-paid workers who have been employed by an entity owned or operated by the Defendants. Plaintiff alleges that Defendants "have depressed his wages as an agricultural worker at Fruit Patch by knowingly employing vast numbers of illegal immigrants there for the express purpose of depressing the market price for unskilled labor."

Pursuant to the April 17, 2007 Scheduling Order, discovery is limited to class certification issues. On April 19, 2007, Plaintiff issued a subpoena to non-party Fruit Patch requesting, *inter alia*, employment applications and I-9 forms (including supporting documents) for each hourly paid worker in the class period. On May 18, 2007, Defendants responded objecting to the requests. Plaintiff also served written discovery requests on the individual defendants which overlapped with the subpoenas sent to Fruit Patch. Defendants responded to the requests producing comprehensive lists of almost 1000 names of Fruit Patch's field employees for each year.

## DISCOVERY AT ISSUE

> **Request No. 9**: All I-9 forms, including any supporting documentation (such as copies of personal identification) for all of Fruit Patch unskilled and semi-skilled employees.
>
> **Response:** Fruit Patch incorporates the General Objections as if fully set forth in response to this request. Fruit Patch objects to this Request on the grounds that it pertains to 'merits' of the case, as opposed to class certification issues and thus violates the Court's Case Management Order. Fruit Patch further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive as it seeks production of hundreds if not thousands of documents and seeks the private and confidential information of non-parties, thereby violating their rights of privacy.
>
> **Request No. 10**: All documents and/or records from third parties that particular employees are using a social security number issued to someone else, including but not limited to, "no match" letters from Social Security Administration, notices/correspondence from Medicare, notices/correspondence from the IRS, the State of California or insurance companies.

> **Response:** Fruit Patch incorporates the General Objections as if fully set forth in response to this request. Fruit Patch objects to this Request on the grounds that it pertains to 'merits' of the case, as opposed to class certification issues and thus violates the Court's Case Management Order. Fruit Patch further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive. Fruit Patch further objects tot his Request on the grounds that it is vague and ambiguous in its terms. Fruit Patch objects to this Request as it implies that no match letters mean that a person is using someone else's social security number.

> **Request No. 12**: The employment application for all unskilled and semiskilled employees of Fruit Patch.

> **Response**: Fruit Patch incorporates the General Objections as if fully set forth in response to this request. Fruit Patch objects to this Request on the grounds that it pertains to 'merits' of the case, as opposed to class certification issues and thus violates the Court's Case Management Order. Fruit Patch further objects to this Request on the grounds that it is overly broad, unduly burdensome and oppressive as it seeks production of hundreds if not thousands of documents and seeks the private and confidential information of non-parties, thereby violating their rights of privacy.

Plaintiff argues the I-9 forms and employment applications are relevant to class certification for purposes of establishing numerosity and manageability. Plaintiff argues the inability to speak English (as evidenced by use of a translator in completing the I-9 and/or completing the employment application in a foreign language), when claiming to be a U.S. citizen, indicates that a person is using fraudulent documents and is likely an illegal worker. Plaintiff also believes that "no match letters" are relevant to determine which employees are authorized to work (and which are not) for purposes of class certification.

Fruit Patch argues that a wholesale production of its current and former field employees' unredacted I-9 forms and employment applications would violate the privacy interests of individuals who are not parties to this litigation. Plaintiff already has lists of Fruit Patch's field employees for each of the years in question thus he does not need the I-9 forms for purposes of numerosity.

Fruit Patch argues that the "no-match" letters have minimal, if any, relevance because the Social Security Administration generates such letters for many reasons other than misuse of a social security number.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

The requested I-9 forms and employment applications are relevant to issues that plaintiff must establish in the class certification process. However, as agreed at the hearing, for purposes of establishing numerosity and/or manageability, obtaining the I-9 forms and employment applications for the proposed class members is sufficient. Accordingly, Fruit Patch shall produce the I-9 forms for those employees who claim to be U.S. citizens and did not use a translator on the I-9 form. In addition, Fruit Patch shall produce the employment applications which were completed in English for all unskilled and semiskilled employees. As discussed at the hearing, privacy concerns can be addressed by redacting the first five (5) digits of the social security numbers. The motion as to this Request Numbers 9 and 12 is therefore granted as modified.

While "no match" letters from the Social Security Administration may become relevant at a later stage of these proceedings when plaintiff must establish the merits of his claims, namely that defendant employed vast numbers of illegal immigrants, for purposes of establishing numerosity, the letters are not relevant. As discussed, for class certification purposes, information related to potential class members (i.e., authorized to work) is sufficient. The Court does not agree that identification of those workers who are not class members (i.e., not authorized to work) is necessary at this time. Accordingly, the motion as to Request No. 10 is denied.

**ORDER**

Based on the foregoing, plaintiff's motion to compel Fruit Patch to comply with plaintiff's subpoena issued April 19, 2007 is HEREBY GRANTED IN PART. Fruit Patch shall produce documents responsive to Request Numbers 9 and 12, as modified herein, within 20 days of this Order.

IT IS SO ORDERED.

**Dated:** **September 5, 2007**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE