UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, | 1:06-cv-1383-OWW DLB |
| Plaintiff, | |
| vs. | |
| LEO BALAKIAN, et al., | |
| Defendant | |
| | ORDER SETTING MANDATORY |
| | SCHEDULING CONFERENCE |
| | |
| | DATE: January 4, 2008 |
| | TIME: 9:00 a.m. |
| | COURTROOM THREE |
| | JUDGE OLIVER W. WANGER |

No schedule dates are currently in place in this matter, therefore, it is ordered that you appear for a formal scheduling conference before U. S. District Judge Oliver W. Wanger in Courtroom Three, United States Courthouse, 2500 Tulare Street, Fresno, California, 93721, on the date and time stated above.

Attendance at the Scheduling Conference is mandatory upon each party not represented by counsel, or, alternatively, by retained counsel.  Only counsel who are thoroughly familiar with the facts and law of the instant case, and who have full authority to bind his or her client, shall appear. Trial Counsel should participate in this Scheduling Conference whenever possible.

A Joint Scheduling Report, carefully prepared and executed by all counsel, shall be filed with the Clerk of the Court, in full compliance with the requirements as set forth in Exhibit "A" attached

1    hereto **one (1) full week prior to the Scheduling Conference**.

2      For reference purposes, the Court requires that counsels' Joint Scheduling Report indicate the
3    date, time, and courtroom of the Scheduling Conference opposite the caption on the first page of the
4    Report.

5      Among other things, counsel will be expected to discuss the possibility of settlement. Counsel
6    are to thoroughly discuss settlement with each other before undertaking the preparation of the Joint
7    Scheduling Report and engaging in extensive discovery.  However, even if settlement negotiations
8    are progressing, counsel are expected to comply with the requirements of this Order unless otherwise
9    excused by the Court.  If the case is settled, please promptly inform the Court, and counsel's
10   presence, as well as the joint Scheduling Report, will not be required.

11     Counsel are encouraged to consent to the jurisdiction of the U. S. Magistrate Judge, and will
12   be expected to discuss their positions with respect to this at the conference.  Should all parties reach
13   an agreement to such consent prior to the conference, please contact the court and the conference will
14   be rescheduled before the assigned Magistrate Judge.

15     **Counsel, whose office is more than fifth (50) files from the Courthouse, may request that**
16   **their attendance by telephonic conference.**  If two or more parties wish to appear telephonically,
17   counsel shall decide which will be responsible for making prior arrangements for the conference call
18   with the AT&T operator (if counsel do not have conference call capabilities on their telephone
19   systems), and shall initiate the call at the above-designated time.  <u>After all parties are on the line, the</u>
20   <u>call should then be placed to Judge Wanger's chambers at</u> **(559) 499-5650**.  **Additionally, counsel**
21   **are directed to indicate on the face page of their Joint Scheduling Report that the conference**
22   **will be telephonic.**

23

24               **/s/ OLIVER W. WANGER**
25               **United States District Judge**

26

27

28

**EXHIBIT "A"**

At least twenty (20) days before the scheduled Scheduling Conference, the actual trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the Plaintiff. This conference shall be preferably a personal conference between counsel, but due to the distances involved in this District, a telephonic conference call involving all counsel is permissible. The Joint Scheduling Conference Statement shall respond to the following items by corresponding number paragraphs:

1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

2. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report. If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.

3. A summary detailing the uncontested and contested facts.

4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

5. The position of the parties with respect to consenting to jurisdiction of the U.S. Magistrate Judge for all purposes, including trial.

6. The status of all matters which are presently set before the Court, i.e., hearing all motions, etc.

7. A complete and detailed discovery plan, including a firm cut-off date for discovery, as outlined in Fed.R.Civ.P. 26(f)(2) and a proposed date for disclosure of expert witnesses.

8. Dates agreed to by all counsel for:

   (a) Filing pre-trial motions, with the understanding that motions will not be entertained after the agreed date. (No later than 45 days prior to the proposed Pre-Trial Conference data.)
   (b) Settlement Conference date.
   © Pre-Trial Conference date.
   (d) Trial date.

   All of these dates should be considered firm dates. Dates should be set to allow the Court to decide any matters under submission before the Pre-Trial Conference is set.

9. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement. Counsel shall indicate whether they feel a settlement conference is desired, and when it should occur, i.e., before further discover, after discovery, after pre-trial motions, etc.

10. A statement as to whether the case is a jury or non-jury case.

11. An estimate of the number of trial days required. When counsel cannot agree, each party shall give his or her estimate.

12. Whether either party requests bifurcation of trial or has any other suggestion for shortening trial. It should be noted that all federal tort Claims cases are bifurcated as a matter of course.

13. Whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

Should counsel fail to appear at the Scheduling Conference or fail to comply with the directions set out above, an ex parte hearing may be held and judgment of dismissal or default or other appropriate judgment may be entered, or sanctions, including contempt of court, may be imposed or ordered.