UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE HERNANDEZ, | ) | 1:06-cv-1383 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER AFTER SCHEDULING |
| | ) | CONFERENCE |
| v. | ) | |
| | ) | |
| LEO BALAKIAN, ANTHONY BALAKIAN AND VINCE BALAKIAN, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.   Date of Scheduling Conference.

   January 4, 2008.

II.  Appearances Of Counsel.

   Howard W. Foster, Esq., and Matthew Galin, Esq., appeared on behalf of Plaintiffs.

   Siff & Lake, LLP, by Monte B. Lake, Esq., Wendel V. Hall, Esq., and Jan L. Kahn, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

   **Plaintiff's Statement**.

   1.   This is a RICO class action against the Balakians for employing a mostly illegal immigrant work force at Fruit Patch, a fruit company which they own and operate.  The case is brought by

1

1  Jose Hernandez on behalf of all legal U.S. workers who worked as
2  hourly or piece rate paid employees at Fruit Patch during the
3  last four years.  Jose Hernandez seeks back pay to compensate him
4  for the amount his wages were unlawfully depressed by the Illegal
5  Immigrant Hiring Scheme.  Plaintiff filed his Motion for Class
6  Certification on December 17, 2007.
7  **Defendants' Statement**
8  2.   Defendants Leo, Anthony and Vince Balakian vehemently
9  deny Plaintiff's RICO claim and the factual allegations upon
10 which the claim is purportedly based.  The Balakians and Fruit
11 Patch, Inc. did not engage in an "illegal immigrant hiring
12 scheme."  To the contrary, it is the policy and practice of Fruit
13 Patch, Inc. to comply fully with all applicable federal and state
14 laws with respect to hiring and employment, including all
15 provisions of the Immigration and Nationality Act ("INA").  As
16 part of its INA compliance, Fruit Patch, Inc., ensures that all
17 of its hourly employees timely complete I-9 forms.  Further, it
18 is the practice of Fruit Patch, Inc. to examine the information
19 set forth in the I-9 forms as well as the eligibility documents
20 presented by employees in connection with their hiring.  Fruit
21 Patch, Inc. does not knowingly hire illegal immigrants nor does
22 it hire individuals who cannot properly document their
23 eligibility status.  Fruit Patch, Inc. is an equal opportunity
24 employer and does not discriminate on the basis of national
25 origin or citizenship status.
26 3.   Contrary to the allegations in the Amended Complaint,
27 Fruit Patch, Inc. paid its workers hourly wages that complied
28 with all applicable laws.  Fruit Patch, Inc. and the Balakians

did not purposefully hire illegal aliens so as to pay a lower wage.  Further, Fruit Patch, Inc., and the Balakians do not "direct their hiring personnel to obtain housing" for illegal immigrants.  Finally, the Balakians did not engage in any conspiracy.

IV. Orders Re Amendments To Pleadings.

    1.   The parties do not presently contemplate amending the pleadings.

V. Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Jose Hernandez was employed by Fruit Patch during part of the Class period.

        2.   The Defendants are involved in the operations of Fruit Patch.

        3.   Leo, Anthony and Vince Balakian are citizens of California.

    B.   Contested Facts.

        1.   That Defendants engaged in an "Illegal Immigrant Hiring Scheme."

        2.   That Defendants applied hiring criteria that subverted the laws against hiring illegal immigrants.

        3.   That Defendants "effectively turned a blind eye to factors which any reasonable employer would know indicate job applicants are unauthorized for employment in the U.S."

        4.   That the Illegal Immigrant Hiring Scheme saves Fruit Patch, Inc. "millions of dollars in labor costs" and that if Defendants were not hiring large numbers of illegal

3

immigrants, "their business would have to pay" higher wages.

  5. That Defendants directed their hiring personnel to obtain housing for illegal immigrants.

  6. That Defendants have underpaid their workers and/or Defendants have hired illegal immigrants for the purpose of depressing wages to its hourly workers.

  7. That Plaintiff has been injured in his "business or property" as required by 18 U.S.C. § 1964(c).

VI. Legal Issues.

 A. Uncontested.

  1. Jurisdiction exists under 28 U.S.C. § 1331, 18 U.S.C. § 1961 et seq., and jurisdiction is invoked to maintain the action as a class action pursuant to Federal Rules of Civil Procedure 23.

  2. Venue is proper as Defendants are residents of the District and one or more of the alleged illegal acts occurred within the Eastern District of California, Fresno Division, more specifically at Reedley, California.

 B. Contested.

  1. Plaintiff contends this case is properly maintained as a class action on behalf of all legal hourly paid workers employed by Fruit Patch, Inc., of Reedley, California.

  2. Whether Plaintiff has properly pled a valid RICO cause of action.

  3. Whether the facts and circumstances alleged in the Complaint give rise to a valid RICO cause of action.

  4. Whether Plaintiff or any putative class members have standing under Article III of the Constitution and/or 18

4

1  U.S.C. § 1964(c) to bring this action.
2          5.   Whether this case may properly proceed as a class
3  action under Fed. R. Civ. P. 23.
4  VII. Consent to Magistrate Judge Jurisdiction.
5       1.   The parties have not consented to transfer the
6  case to the Magistrate Judge for all purposes, including trial.
7  VIII.    Corporate Identification Statement.
8       1.   Any nongovernmental corporate party to any action in
9  this court shall file a statement identifying all its parent
10 corporations and listing any entity that owns 10% or more of the
11 party's equity securities.  A party shall file the statement with
12 its initial pleading filed in this court and shall supplement the
13 statement within a reasonable time of any change in the
14 information.
15 IX.  Status of Class Certification.
16      1.   Plaintiff's motion for class certification is presently
17 set for hearing on February 11, 2008.
18 X.   Discovery Plan and Cut-Off Date.
19      1.   Phase 2 will commence upon certification, if any, of
20 this case as a class action.  From the date of class
21 certification, if any, the parties shall have thirty days to
22 jointly submit a proposed class notice.
23      2.   Identification of putative class members shall take
24 place 120 days thereafter.
25      3.   At the end of the five month period, notification to
26 prospective class members shall be published and served.
27      4.   Defendant shall have 60 days to object to
28 identification of class members.

5

5.   From the date notice is served and/or published, putative class members shall have 45 days to opt out.

6.   The parties are ordered to complete all non-expert discovery on or before 14 months following the date of class certification.  Discovery shall commence on the Court's ruling on the motion to certify the case as a class action.

7.   Plaintiffs are directed to disclose all expert witnesses, in writing, on or before 30 days after cut-off of fact discovery.  Defendants Rule 26(a) disclosure as to background statements and expert reports shall be filed on or before 60 days after the closing of non-expert discovery.  Any rebuttal or supplemental expert disclosures will be made on or before 30 days following Defendants' designation.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

8.   The overall cutoff of expert discovery will be 30 days thereafter.

9.   The provisions of Fed. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

    10.    The parties do not anticipate proposed changes in the limits to discovery under the Rules of Federal Procedure.

    11.    The parties will agree as to the form of a protective order regarding discovery of any confidential and legally protectable information.

    12.    The parties agree that at the instance of either side, videotaped depositions may be taken.

X.    Pre-Trial Motion Schedule.

    1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before 15 days following the overall cut-off of all discovery, and heard on the first Friday 30 days following the cut-off of all discovery, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

    2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than 30 days following the overall cut-off of discovery, and will be heard on 30 days thereafter on a Monday, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.    Pre-Trial Conference Date.

    1.    Thirty 30 days following the hearing date for dispositive motions, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District

1 Judge.
2    2.   The parties are ordered to file a Joint Pre-
3 Trial Statement pursuant to Local Rule 281(a)(2).
4    3.   Counsel's attention is directed to Rules 281
5 and 282 of the Local Rules of Practice for the Eastern District
6 of California, as to the obligations of counsel in preparing for
7 the pre-trial conference.  The Court will insist upon strict
8 compliance with those rules.
9 XII. Trial Date.
10    1.   Thirty days thereafter, at the hour of 9:00 a.m. in
11 Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger,
12 United States District Judge.
13    2.   This is a jury trial.
14    3.   Counsels' Estimate Of Trial Time:
15       a.   15 days.
16    4.   Counsels' attention is directed to Local Rules
17 of Practice for the Eastern District of California, Rule 285.
18    5.   This Scheduling Order, Second Phase, shall be amended
19 upon the Court's ruling on the Class Certification Motion to
20 specify specific dates for all future actions in this case.  In
21 the event that the Court declines to certify a class action, a
22 Further Scheduling Conference shall be held within 20 days
23 following the date of the Court's ruling denying class
24 certification.
25 XIII.   Settlement Conference.
26    1. A Settlement Conference shall be scheduled at or about
27 the time discovery is completed.  This date will also be provided
28 by this Court following ruling on the class certification motion.

     2.    Unless otherwise permitted in advance by the
Court, the attorneys who will try the case shall appear at the
Settlement Conference with the parties and the person or persons
having full authority to negotiate and settle the case on any
terms at the conference.

     3.    Permission for a party [not attorney] to attend
by telephone may be granted upon request, by letter, with a copy
to the other parties, if the party [not attorney] lives and works
outside the Eastern District of California, and attendance in
person would constitute a hardship.  If telephone attendance is
allowed, the party must be immediately available throughout the
conference until excused regardless of time zone differences.
Any other special arrangements desired in cases where settlement
authority rests with a governing body, shall also be proposed in
advance by letter copied to all other parties.

     4.    Confidential Settlement Conference Statement.
At least five (5) days prior to the Settlement Conference the
parties shall submit, directly to the Magistrate Judge's
chambers, a confidential settlement conference statement.  The
statement should not be filed with the Clerk of the Court nor
served on any other party.  Each statement shall be clearly
marked "confidential" with the date and time of the Settlement
Conference indicated prominently thereon.  Counsel are urged to
request the return of their statements if settlement is not
achieved and if such a request is not made the Court will dispose
of the statement.

     5.    The Confidential Settlement Conference
Statement shall include the following:

```
 1              a.   A brief statement of the facts of the
 2   case.
 3              b.   A brief statement of the claims and
 4   defenses, i.e., statutory or other grounds upon which the claims
 5   are founded; a forthright evaluation of the parties' likelihood
 6   of prevailing on the claims and defenses; and a description of
 7   the major issues in dispute.
 8              c.   A summary of the proceedings to date.
 9              d.   An estimate of the cost and time to be
10   expended for further discovery, pre-trial and trial.
11              e.   The relief sought.
12              f.   The parties' position on settlement,
13   including present demands and offers and a history of past
14   settlement discussions, offers and demands.
15   XIV. Request For Bifurcation, Appointment Of Special Master,
16   Or Other Techniques To Shorten Trial.
17        1.   No bifurcation of trial or pretrial is proposed.
18   XV.  Related Matters Pending.
19        1.   There are no related matters.
20   XVI. Compliance With Federal Procedure.
21        1.   The Court requires compliance with the Federal
22   Rules of Civil Procedure and the Local Rules of Practice for the
23   Eastern District of California.  To aid the court in the
24   efficient administration of this case, all counsel are directed
25   to familiarize themselves with the Federal Rules of Civil
26   Procedure and the Local Rules of Practice of the Eastern District
27   of California, and keep abreast of any amendments thereto.
28   XVII.     Effect Of This Order.
```

     1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

     2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

     3.    Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **January 8, 2008**                    **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE