IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>LEO BALAKIAN, et al.,<br><br>　　　　　Defendant. | No. CV-F-06-1383 OWW/DLB<br><br>MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND VACATE THE SCHEDULE (Doc. 80) |

　　This class action was commenced on October 15, 2006. Pursuant to the First Amended Complaint (FAC) filed on April 2, 2007, Plaintiff Jose Hernandez, as class representative, has sued defendants Leo Balakian, Anthony Balakian, and Vince Balakian, owners of Fruit Patch, Inc. The FAC alleges that the Balakians "have depressed [Plaintiff Hernandez's] wages as an agricultural worker at Fruit Patch, Inc. by knowingly employing vast numbers of illegal immigrants there for the express purpose of depressing the market for unskilled labor"; that "[t]his is referred to as

1  'the Illegal Immigrant Hiring Scheme' or 'the Scheme'"; and that
2  the Illegal Immigrant Hiring Scheme violates the Racketeer
3  Influenced and Corrupt Organizations Act (RICO).  The First
4  Amended Complaint is brought on behalf of Hernandez "and all
5  other persons legally authorized to be employed in the U.S. who
6  have been employed by Fruit Patch, Inc. in the last four years
7  ... as hourly or piece rate unskilled laborers."

8       On December 17, 2007, Plaintiff filed a motion for class
9  certification, seeking to be the sole class representative for
10 several thousand legal workers at Fruit Patch, Inc.  This motion
11 was set to be heard on February 11, 2008.  Defendants opposed
12 this motion, primarily on the ground that Jose Hernandez will not
13 be an adequate representative of the class, in part because Mr.
14 Hernandez recently has been arrested on multiple felony charges.
15 Defendants also asserted that Mr. Hernandez cannot be an adequate
16 class representative because he was involved in an automobile
17 accident in 2005 in which he suffered an injury affecting his
18 memory which persists to the present.

19      In lieu of a reply brief, Plaintiff, on January 31, 2008,
20 filed a motion to amend for leave to amend the complaint and
21 vacate the case schedule.

22      The motion for class certification was denied from the bench
23 on February 11, 2008.  Before the Court is Plaintiff's motion for
24 leave to amend and vacate the schedule.

25      Plaintiff's motion to amend seeks leave to file a Second
26 Amended Complaint within 60 days substituting a new class

representative and to vacate the existing schedule.  Counsel for Plaintiff asserts that Mr. Hernandez did not tell him of his arrest and charge until after the motion for class certification was filed.  Counsel for Plaintiff "freely admits that his arrest and felony complaint make him an inadequate class representative."

Plaintiff cites *National Federation of the Blind v. Target Corp.*, 2007 U.S. 2846462 (N.D.Cal.2007).  In a discussion of the typicality requirement of Rule 23(a)(3), Federal Rules of Civil Procedure, the District Court stated:

> [T]he court is not convinced that Sexton has demonstrated an injury with the requisite nexus to the Target stores for the nationwide class.  However, the court is satisfied that some of the putative class members would present the same type of legal and remedial theory as the unnamed class members.  As long as the proposed class satisfies the requirements of Rule 23, the court may certify the class conditioned upon the substitution of another named plaintiff.  See *Kremens v. Bartley,* 431 U.S. 119, 135 ... (1977)(where named plaintiffs' claims were determined to be moot, ordering substitution of class representatives); *Gibson v. Local 40*, 543 F.2d 1259, 1263 (9th Cir.1976)('In any event, failure of proof as to the named plaintiffs would not bar maintenance of the class action or entry of judgment awarding relief to the members of the class.').  Thus, the court will grant plaintiffs' leave to substitute another class representative for the nationwide class.

2007 WL 2846462 at *14.  Plaintiff also cites *Rice v. Lender Services Direct, Inc.*, 2007 WL 2287873 (D.Ariz.2007)(motion to amend to name new class representatives granted because of serious illness of class representative's husband).

3

Defendants argue that the issue is whether "Plaintiff's counsel should be given time to scour the Fresno-area for someone willing to serve as class representative for Plaintiff's counsel's copy-cat lawsuit."[1]  Defendants cite *Bodner v. Oreck Direct, LLC*, 2007 WL 12223777 (N.D.Cal.2007):

> In light of plaintiff's undeniable and overwhelming ignorance regarding the nature of this action, the facts alleged, and the theories of relief against defendant, the court cannot conclude that he has met the threshold typicality or adequacy requirement of Rule 23(a).  It is clear from the record that plaintiff's counsel, and not plaintiff, is the driving force behind this action.  Such a 'cart before the horse' approach to litigation is not the proper mechanism for the vindication of legal rights.  *See Meachum v. Outdoor World Corp.*, 171 Misc.2d 354, 654 N.Y.S.2d 240, 369 (1996)('Solicitation of clients for the commencement or continuation of a class action is improper, sufficient to warrant denial of class certification.')  Furthermore, the Westrup Klick firm has had trouble regarding its choice of plaintiffs in the past.  *See Apple Computer, Inc. v. Superior Court*, 126 Cal.App.4th 1253 ... (2005)(disqualifying the Westrup Klick firm from a class action case where it was established that, 'from 2003 to 2005, Westrup Klick and [another firm] had jointly filed 10 class actions under [California's Unfair Competition Law] in which an attorney from Westrup Klick or a relative of one of the attorneys was the named plaintiff').  The latest filing is just one more example of plaintiff's counsel's improper approach to consumer litigation.
>
> That plaintiff's counsel constructed this

---

[1] Defendants' opposition to the motion for leave to amend was filed on February 8, 2008, just before the hearing on the motion for class certification.  Parts of the opposition argue against certification of the class, arguments now mooted by the oral order denying the class certification motion.

>lawsuit before it had a plaintiff cannot be denied.  This fact is borne out not only by plaintiff's own admissions, but by plaintiff's counsel's previous abortive attempt to bring a seemingly identical lawsuit in another district.  Indeed, counsel himself admitted at the hearing that he or his firm had the research performed on the product at issue and had a theory about the product's deficiencies.  *Then*, armed with hat information they went in search of a plaintiff, never mind the lack of a fitting plaintiff or the lack of ethical scruples.  The instant action is nothing more than Westrup Klick bringing its show to the Northern District and continuing its practice of selecting stand-in plaintiffs, even ones who are inappropriate.  To grant class certification in such circumstances would be to place this court's imprimatur on litigation practices which it finds abhorrent and inconsistent with the standards of federal class action suits.
>
>In short, the conduct in this action does not look good, does not sound good, and does not smell good.  In fact, it reeks.  The court will not participate in this scheme by certifying a class.

Plaintiff replies that *Bodner* is not controlling because it involved denial of class certification, not the substitution of the class representative.  Plaintiff contends that the arrest of the named plaintiff who is unable to post bond precludes him for properly pursuing this action.  It is asserted that denial of the motion for leave to amend will effectively end this action and that nothing in the record supports that outcome.

Rule 15(a), Federal Rules of Civil Procedure, requires that leave to amend should be freely granted when justice so requires.  Although it is arguable that Jose Hernandez would not have been an adequate representative notwithstanding his arrest, that issue

5

is no longer before the Court.  The concern expressed in *Bodner* is one that can be addressed if and when a motion for class certification is filed, assuming a new class representative can be located.

Plaintiff has already had 30 days to locate a new class representative.  Plaintiff shall have an additional thirty (30) days or until April 17, 2008 to amend to substitute a suitable class representative.  The motion for leave to amend is GRANTED on that condition.  If the amendment is made, a scheduling conference shall be held on May 2, 2008 at 8:15 a.m.  If no amendment is made, the action shall be dismissed without prejudice.

IT IS SO ORDERED.

**Dated:   March 18, 2008**               /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE